Rose Ann **CHILDRESS**, Appellant

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

No. 2012–CA–001675–MR.

Court of Appeals of Kentucky.

Jan. 24, 2014.

review, we vacate and remand for further proceedings.

In 2006, Appellant pled guilty to first-degree possession of a controlled substance (two counts) and possession of drug paraphernalia (two counts). Appellant was sentenced to seven years' imprisonment, probated for five years, and she successfully completed probation in 2011. On July 23, 2012, Appellant filed a motion to void her drug-possession conviction pursuant to KRS 218A.275(8). The court denied the motion, concluding it lacked statutory authority to void Appellant's felony conviction. To support its ruling, the court cited the 2011 version of KRS 218A.275(8), which specified that only misdemeanor convictions could be voided.[1] This appeal followed.

Appellant contends the court erred by relying on the 2011 version of the statute, and the Commonwealth concedes the error occurred. The current version of KRS 218A.275(8), which took effect on July 12, 2012, states, in relevant part:

Dennie Hardin, Bowling Green, KY, for appellant.

Jack Conway, Attorney General of Kentucky, M. Brandon Roberts, Assistant Attorney General, Frankfort, KY, for appellee.

Before DIXON, MOORE, and THOMPSON, Judges.

## OPINION

DIXON, Judge:

Rose Ann Childress appeals from an order of the Hart Circuit Court denying her motion to void her drug-possession conviction pursuant to Kentucky Revised Statutes (KRS) 218A.275(8). After careful

in the case of any person who has been convicted for the first time of possession of controlled substances, the court may set aside and void the conviction upon satisfactory completion of treatment, probation, or other sentence, and issue to the person a certificate to that effect.

After careful review, we agree that the court erroneously relied on the 2011 version of the statute when it denied Appellant's motion. With the current version of KRS 218A.275(8), the legislature removed the language that specified only misdemeanor convictions could be voided; consequently, the trial court had the authority to consider the merits of Appellant's mo-

---

1. The 2011 version of the statute stated, in relevant part: "In the case of any person who has been convicted for the first time of a **misdemeanor** possession of controlled substances, the court may set aside and void the conviction upon satisfactory completion of treatment, probation, or other sentence, and issue to the person a certificate to that effect." KRS 218A.275(8), eff. June 8, 2011 to July 11, 2012. (Emphasis added).

tion. We vacate the order and remand this case for further proceedings consistent with this opinion.

For the reasons stated herein, we vacate and remand the decision of the Hart Circuit Court.

ALL CONCUR.